UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUDREE ELLIS-SANDERS, et al,<br><br>                                    Plaintiffs,<br><br>v.<br><br>GUARDIAN PIAZZA D'ORO LLC, et al,<br><br>                                    Defendants. | Case No.:  25-cv-1379-JO-DDL<br><br>**ORDER ON PLAINTIFF'S EX PARTE MOTION TO SEAL CASE** |

*Pro se* Plaintiff Oudree Ellis-Sanders filed a motion requesting to seal her entire case on the grounds that her complaint, motion for temporary restraining order ("TRO"), and all documents pertaining to this case contains sensitive and private information related to Plaintiff and her minor daughter's medical records, disabilities, and requests for disability accommodations.  This request is DENIED IN PART as overbroad.

The Court concludes Plaintiff has not met the compelling reasons standard to seal this entire case because her generalized privacy concerns about her medical conditions do not overcome the strong presumption in favor of the public's right to access court records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to

1  seal its records.") (internal citations omitted).

2      Plaintiff's complaint and request for temporary restraining order allege that
3  Defendants violated her civil rights pursuant to 42 U.S.C. § 1983, Titles II and III of the
4  American with Disabilities Act, California Unruh Act, the Fair Housing Act, and California
5  Fair Employment and Housing Act when they ignored her disabilities and wrongly initiated
6  an unlawful detainer action against Plaintiff. *See* Dkt. 1, Compl. Plaintiff's factual
7  allegations about her medical conditions and disabilities are central to whether Plaintiff is
8  entitled to protection under these statutes and whether Defendants are liable for these
9  alleged violations. These factual allegations are therefore essential to the public's ability to
10 follow and understand Plaintiff's claims and the judicial process that unfolds in this
11 case. *Harrell v. California Forensic Med. Grp., Inc.*, No. 2:15-CV-00579 KJN P, 2015
12 WL 1405567, at *1 (E.D. Cal. Mar. 26, 2015) (a complaint "is at the heart of the interest
13 in ensuring the public's understanding of the judicial process.") (quoting *Kamakana*, 447
14 F.3d at 1179); *see Rock v. McHugh*, 819 F.Supp.2d 456, 476 (D.Md.2011) (a sealing order
15 that "would effectively seal the entire case"... "infringe[s] too extensively on the public
16 right to access court records.")  Plaintiff fails to overcome the strong presumption by
17 establishing that the disclosure of this information would either (1) become a vehicle for
18 improper purposes or (2) amount to more than the potential embarrassment, incrimination,
19 or exposure to further litigation to justify sealing. *Kamakana*, 447 F.3d at 1179.

20     However, the Court does find that discrete portions of Plaintiff's filings do meet the
21 compelling reasons standard, and GRANTS IN PART the sealing of (1) Plaintiff's minor
22 daughter's full name; (2) Plaintiff and her minor daughter's medical records filed as Exhibit
23 C filed in support of Plaintiff's TRO motion; and (3) the email addresses of Plaintiff,
24 Defendant Brisco, and third parties contained in Exhibit B and D filed in support of
25 Plaintiff's TRO motion and Exhibit F of Plaintiff's complaint. Fed. R. Civ. P. 5.2(a)(3)
26 ("Unless the court orders otherwise, in an electronic or paper filing with the court that
27 contains . . . the name of an individual known to be a minor . . . , a party or nonparty making
28 the filing may include only . . . the minor's initials[.]"); *A.C. v. City of Santa Clara*, No.

13-CV-03276-HSG, 2015 WL 4076364, at *2 (N.D. Cal. July 2, 2015) (sealing medical records of a minor when the records contained sensitive information regarding minor's mental health and involvement in juvenile court proceedings).

Finally, the Court DENIES the sealing of the remaining documents Plaintiff wishes to seal because she has not demonstrated they meet the compelling reasons standard, nor narrowly tailored this request to remove from public viewing only materials that should be protected. For example, Plaintiff requests to seal other court orders and filings from her San Diego Superior Court unlawful detainer action, filings she submitted in California Court of Appeals case, and her lease agreement for the underlying property in dispute.

The Court ORDERS Plaintiff to resubmit her complaint, motion for TRO, motion to seal, motion for electronic access, and motion for appointment of counsel using only the minor's initials, including in the case caption by **June 27, 2025**. For any exhibit where Plaintiff cannot change her minor daughter's full name to initials (for example, police report submitted as Exhibit D to complaint and Exhibit H to TRO motion, or in lease agreement submitted as Exhibit A to complaint and Exhibit E to TRO motion), Plaintiff may redact or black out the minor's full name. It is further ORDERED that all future filings in this case will only use the minor's initials in the case caption.

Plaintiff must also resubmit Exhibit B and D filed in support of Plaintiff's TRO motion and Exhibit F of Plaintiff's complaint with redactions to the email addresses of Plaintiff, Defendant Brisco, and third parties, by **June 27, 2025**.

The Court directs the Clerk of Court to RESTRICT all current filings so that only the Court and case participants can access these filings.

**IT IS SO ORDERED**.

Dated: June 9, 2025

_____
Honorable Jinsook Ohta
United States District Judge